ASSETS COLLECTING CO., Inc., v. BARNES–KING DEVELOP-
MENT CO., Inc.

(Circuit Court of Appeals, Second Circuit. June 18, 1912.)

No. 245.

FRAUD (§ 36*)—FALSE REPRESENTATIONS—LIABILITY.

The complaint, in an action against a corporation to recover damages for false representations made by defendant's agent as to the value of its property, by which plaintiff was induced to buy stock of defendant and pay par therefor when it was in fact of little or no value, is not de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

murrable on the ground that a recovery would enable plaintiff to acquire the stock for less than its full par value in violation of the rights of creditors of defendant and its other stockholders, where it does not appear from such complaint that plaintiff was an original subscriber for the stock, or that it had not been once fully paid for, or that there were any creditors or other stockholders.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 31, 32; Dec. Dig. § 36.*]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Assets Collecting Company, Incorporated, against the Barnes-King Development Company. Judgment for defendant, and plaintiff brings error. Reversed.

This cause comes here upon appeal from a judgment dismissing the complaint of the plaintiff in error who was plaintiff below.

Plaintiff is the assignee of Arthur P. Heinze, and the action is brought to recover for false representations as to the value of defendant's mining property. These statements it is averred were made by one Fischer, an agent of defendant, knowing them to be false; and in reliance upon them Heinze bought 25,000 shares of defendant's stock, paying to the agents of the defendant, for said defendant, the full par price of $5 per share. It is further averred that the stock was then worthless and that at the time of bringing suit it was worth $97,000 less than Heinze paid for it. For this sum judgment is asked against defendant.

Richard S. Harvey (Ferdinand E. M. Bullowa and Emilie M. Bullowa, of counsel), for plaintiff in error.

Chadbourne & Shores (A. J. Shores, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). Issue was joined, the cause came on for trial before a jury, and some testimony was put in by plaintiff. Defendant's counsel then contended that the complaint was demurrable and asked the court to hear him on that proposition. To this the court agreed and, after hearing argument, sustained the demurrer and dismissed the complaint. In consequence the record in this court contains none of the testimony. The answer is printed, but, since the cause was disposed of on demurrer to the complaint, its averments are not to be considered.

The theory upon which the complaint was dismissed is apparently this: A subscriber to the stock of a corporation assumes certain obligations. One of these is that full value shall be paid for the stock so subscribed for, either at the outset or from time to time, as called for. The creditors of the company are entitled to have full payment made for all stock subscribed, if it be necessary to secure their claims. The other stockholders are entitled to have all stockholders treated alike, so that full payment shall not be required from some and part payment only from others. It is further contended that, when a subscriber shall have paid for his stock in full, he may not thereafter, on some theory that he was deceived as to its value by false reports of the company, recover back part of what he has paid and still retain the

stock. To do so would be in effect to give him his stock as full paid, when in reality he had only paid for it in part.

The difficulty in this case arises from uncertainty as to the facts to which it is sought to apply this theory. It is to be regretted that the plaintiff was not allowed to complete his proof, so that it could be seen whether the situation was as indicated above, or was materially different.

It not infrequently happens that the whole or a large part of the stock of a corporation is issued for property. When this is done, honestly, in good faith and on a fair valuation, the stock thus issued is full-paid stock, thereafter nonassessable, except in states where there is some provision for additional assessments to pay debts. It also often happens that the persons who have thus subscribed for stock and have paid for the same by giving property for it, instead of cash, will donate to the corporation part of their full-paid stock, for it to sell and thus raise funds to conduct its business, hoping that thereby the value of what stock they do not thus contribute to the treasury will be enhanced. The stock which the corporation has thus received it may of course sell for what price it chooses, since full payment for it has once been made. If it can be shown that, in selling such stock, the corporation through its agents knowingly made false representations of material facts, we know of no reason why the deceived purchaser may not maintain an action against the corporation to recover for the fraud practiced on him. The authorities on the briefs deal not with the purchaser at a sale of such stock, once lawfully issued, but with subscribers to an original issue of stock.

Turning now to the complaint, which is the only record before us, we find nothing to show whether or not there are any creditors; for aught that appears defendant, save possibly for plaintiff's claim, may not owe a dollar to any one. For aught that appears, Heinze or his assignee and Fischer the individual who, it is alleged, made the false representations as defendant's agent, may be the only stockholders. As to the purchase the complaint alleges that, relying upon the false statements and induced thereby, Heinze did in December, 1906, *purchase* 25,000 shares of the capital *stock* and *pay therefor to the agents,* promoters, and syndicate managers of the company, *for the defendant* above named, $125,000. This averment is entirely consistent with a sale by the company of stock once fully paid for and afterwards donated it to sell on the open market. We cannot, upon such a complaint, find that Heinze was subscriber for an original issue of stock, when there is no testimony to show it, and plaintiff's counsel in his brief insists that such is not the fact. The complaint is not demurrable upon the ground that it does not set up facts sufficient to constitute a cause of action.

Judgment reversed.